## Mathilda A. Ford, Appellee, v. Percy James Ford, Appellant.

### Gen. No. 20,251.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed March 11, 1915.

## Statement of the Case.

Bill by Mathilda A. Ford against Percy James Ford for separate maintenance. From a final decree entered in that cause on July 19, 1913, the complainant perfected an appeal to the Appellate Court. Com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintant then filed a petition praying for an order requiring defendant to make suitable allowance for temporary alimony pending said appeal and for solicitor's fees and expenses in defending same. On the hearing had on the petition and answer, the chancellor entered a decree requiring defendant to pay complainant during the pendency of the appeal the sum of thirty dollars per week, from which decree defendant appeals.

BEACH & BEACH, for appellant.

BRUNDAGE, LANDON & HOLT and BLUIM & TEED, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1002*—*when statements in answer not considered.* Where the certificate of evidence merely presents an answer as a verified pleading on file, and does not show that it was offered in evidence, the court, on review, cannot consider the facts set forth therein in support of defendant's contention that the decree should be reversed.

2. APPEAL AND ERROR, § 1302*—*when chancellor presumed to have judicially noticed decree.* Upon appeal from a decree awarding expense money and counsel fees pending an appeal from a decree in a separate maintenance proceeding, upon proceedings supplementary to the original decree and after hearing upon the pleadings and transcript of the testimony taken upon the trial of the cause and the final decree therein, it will be presumed that the chancellor in arriving at his conclusions took judicial notice of the record upon which the original decree was entered and of that decree itself.

3. EVIDENCE, § 4*—*when court records judicially noticed.* In awarding expense money and counsel fees pending appeal from a decree in separate maintenance proceedings, the chancellor may take judicial notice of the record and proceedings in the court.

4. APPEAL AND ERROR, § 1034*—*what not judicially noticed.* On appeal from a decree in a supplementary proceeding awarding expense money and counsel fees pending an appeal from a decree in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

separate maintenance proceedings, the court cannot take judicial notice of the record in the original proceeding.

5. APPEAL AND ERROR, § 1269*—*when findings presumed sustained by evidence.* Where on appeal from a decree in a supplementary proceeding awarding expense money and counsel fees pending an appeal from a decree in separate maintenance proceedings, which former decree was rendered upon the pleadings and transcript of the testimony upon the trial of the original cause and upon the final decree entered therein, neither the record nor the final decree in the original cause were included in the transcript of the record, it will be presumed that the facts appearing therein warranted the decree complained of.